IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE RHODES,<br>individually and on behalf of a class, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 07 C 6385<br>Judge Holderman |
| v. | )<br>) | Magistrate Judge Denlow |
| ROCKLER RETAIL GROUP, INC.,<br>doing business as ROCKLER<br>WOODWORKING AND HARDWARE<br>and DOES 1-10, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff Julie Rhodes respectfully requests that this Court enter an order determining that this action, brought under the Fair Credit Reporting Act, as amended by the Fair and Accurate Credit Transactions Act of 2003, may be certified as a class action.

Plaintiff defines the class as "all persons to whom Rockler Woodworking and Hardware provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both"

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1.  One provision of the December 2003 Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. §1681c(g), provides that:

> **No person that accepts credit cards or debit cards for the transaction of**

1

> **business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

2. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, SA CV 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal., Apr. 5, 2007); *Iosello v. Leiblys, Inc.*, 07 C 2454, 2007 U.S. Dist. LEXIS 61630 (N.D. Ill., Aug. 22, 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007).

3. Plaintiff alleges that on October 19, 2007, plaintiff received from Rockler Retail Group, Inc., d/b/a Rockler Woodworking and Hardware ("Rockler") at its establishment located at 15931 Harlem Avenue, Tinley Park, IL 60477, a computer-generated cash register receipt which displayed plaintiff's credit card expiration date.

4. Section 1681c(g) is an essential protection against identity theft, which according to the Federal Trade Commission victimized some 9 million persons and caused over $57 billion in harm in 2006 alone. "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007 (Exhibit A). One common *modus operandi* of identity thieves is to collect lost or discarded credit card receipts, or steal them, and use the information on them to engage in fraudulent transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 8, 2005, p. B1 (Exhibit B).

5. To curb identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number. The law gave merchants

who accept credit and debit cards up to three years to comply. Full compliance was required by December 4, 2006.

6. The need to "truncate" receipts was widely publicized among retailers. For example, the CEO of Visa USA, Carl Pascarella, explained on March 6, 2003 that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.... The first phase of this new policy goes into effect July 1, 2003 for all new terminals...." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, Mar. 6, 2003 (Exhibit C).

7. Most of defendant's business peers and competitors readily brought their receipt printing process into compliance. Defendant could have done the same. It did not.

8. A private remedy is provided by FCRA §1681n, which provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000....**

## CLASS CERTIFICATION REQUIREMENTS

9. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

10. It is reasonable to infer that the number of class members exceeds the 20-40 necessary to satisfy the numerosity requirement, in that:

    a. Rockler sells a wide variety of hardware products such as tools and

materials (Exhibit D);

        b.     Most of Rockler's products are $5 to $20, but also sells a number of items priced up to $500 (Exhibit E);

        c.     Rockler operates a national chain of 35 hardware stores, two of which are in Illinois (Exhibit F and Exhibit G);

        d.     Rockler invites its customers to pay by credit card;

        e.     Rockler provided to plaintiff a receipt which did not comply with FACTA more than 10 months after the effective date of the provision at issue;

        f.     Given the presumptively high rate of credit card transactions and the length of the class period, plaintiff suggests that the class is no smaller than 100 individuals.

11.    Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

12.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The predominant common questions include the following:

        a.     Whether Rockler had a practice of providing customers with a sales or transaction receipt on which Rockler printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

        b.     Whether Rockler thereby violated FACTA; and

        c.     Whether Rockler's conduct was willful.

13.    Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

14.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and FCRA claims. (Exhibit H).

15.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    a.  Consumers are unlikely to recognize the violation; and

    b.  Individual actions are uneconomical.

  16.  In further support of this motion, plaintiff submits the accompanying memorandum of law.

  17.  Plaintiff is filing this Preliminary Motion for class certification because of the decision in *White v. Humana Health Plan, Inc.*, 06 C 5546, 2007 U.S. Dist. LEXIS 32263 (N.D. Ill., May 2, 2007).

  WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

           Respectfully submitted,

           s/ Daniel A. Edelman
           Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## LIST OF EXHIBITS

A      "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007.

B      Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 8, 2005, p. B1.

C      "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, Mar. 6, 2003.

D      Rockler "Complete Product Index" web page, accessible at http://www.rockler.com/ecom7/product_index.cfm.

E      Rockler "Hardware" web page, accessible at http://www.rockler.com/CategoryView.cfm?Cat_ID=11.

F      Rockler "About" web page, accessible at http://www.rockler.com/corporate/index.cfm.

G      Rockler "Retail Store - Illinois" web page, accessible at http://www.rockler.com/retail/display_region.cfm?state=IL.

H      Declaration of Daniel A. Edelman.

I      *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004).

## CERTIFICATE OF SERVICE

    I, Daniel A. Edelman, hereby certify that on November 15, 2007 a copy of the foregoing PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION was filed electronically, and was personally served on the following party:

Rockler Retail Group, Inc., d/b/a Rockler Woodworking and Hardware
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

                                            s/ Daniel A. Edelman
                                            Daniel A. Edelman