**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE RHODES,<br>individually and on behalf of a class, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 07 C 6385<br>Judge Holderman |
| v. | )<br>) | Magistrate Judge Denlow |
| ROCKLER RETAIL GROUP, INC.,<br>doing business as ROCKLER<br>WOODWORKING AND HARDWARE<br>and DOES 1-10, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff has requested that this Court enter an order determining that this action, alleging violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), be certified as a class action. This memorandum is submitted in support of that motion.

**I.      NATURE OF THE CASE**

The Seventh Circuit has held that cases such as the one before this Court should be resolved on a class-wide basis. It specifically found that:

> to decide whether [a defendant] has adhered to the statute [the Fair Credit Reporting Act], a court need only determine whether the four corners of the offer satisfy the statutory definition (as elaborated in [*Cole v. U.S. Capital, Inc.,* 389 F.3d 719 (7th Cir. 2004)]).... ***These questions readily may be resolved for a class as a whole***. [*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 956 (7th Cir. 2006) (emphasis added).]

Since *GMAC Mortgage*, District Judges have followed the Seventh Circuit's holdings in numerous cases. For example, in a case with a similar fact pattern, the Court found that the class action procedure was superior to all other resolution methods, holding that:

> a class action is a superior method of adjudication when "economies of time, effort, and expense" are achieved "without sacrificing procedural fairness." [*Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997).] Additionally, a class action is an appropriate and superior means of adjudication when the potential recovery on a claim is "too slight to

support individual suits, but injury is substantial in the aggregate." [*GMAC Mortgage*], 434 F.3d at 953 (citing *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344-345 (7th Cir. 1997)). Such is the case here. [*Claffey v. River Oaks Hyundai, Inc.*, 238 F.R.D. 464, 468 (N.D. Ill. 2006).]

See also, *e.g.*, *Murray v. GMAC Mortgage Corp.*, 483 F.Supp.2d 636 (N.D. Ill. 2007) ("*GMAC Mortgage II*"); *Murray v. E*Trade Financial Corp.*, 240 F.R.D. 392 (N.D. Ill. 2006); *Claffey v. River Oaks Hyundai, Inc.*, 238 F.R.D. 464 (N.D. Ill. 2006); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387 (N.D. Ill. 2006); *Murray v. New Cingular Wireless Services, Inc.*, 232 F.R.D. 295 (N.D. Ill. 2005).

### A.    Plaintiff's Claims

Plaintiff filed this class action under the Fair Credit Reporting Act ("FCRA") as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), contending that defendant violated a provision designed to prevent identity theft. 15 U.S.C. §1681c(g) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." This provision "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, SA CV 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal., Apr. 5, 2007); *Iosello v. Leiblys, Inc.*, 07 C 2454, 2007 U.S. Dist. LEXIS 61630 (N.D. Ill., Aug. 22, 2007) . FACTA gave merchants three years to comply, with full compliance required by December 4, 2006.

Defendant Rockler Retail Group, Inc., d/b/a Rockler Woodworking and Hardware ("Rockler"), provided a noncompliant receipt to plaintiff on October 19, 2007—more than 10 months after §1681c(g) became effective. Plaintiff claims that this change in the law was widely publicized, that defendant's contracts contained images of what a receipt had to look like, and that defendant's noncompliance months after the effective date demonstrates that defendant willfully violated the law. Discovery in this matter has just commenced; plaintiff respectfully

submits that the evidence will show that defendant violated the FCRA, as amended by FACTA, willfully.

**B.    The holdings of *GMAC Mortgage* support certification**

*GMAC Mortgage* is on point supporting plaintiff's arguments that a class should be certified in this case. *GMAC Mortgage* held, in pertinent part, that:

1.    the class action procedure "was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate" [*GMAC Mortgage*, 434 F. 3d at 953];

2.    statutory damages provide relief for actual losses that are small and hard to quantify, without proof of injury [*Id*.]; and

3.    an award to the class "that would be unconstitutionally excessive may be reduced ... but constitutional limits are best applied after a class has been certified [when] a judge may evaluate the defendant's overall conduct and control its total exposure" [*Id*. at 954 (citing *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003))].

These factors set forth by the Seventh Circuit clearly indicate that the matter before this Court is suitable for class certification. Proof in this case is standardized—from the receipts that were given to plaintiff and other customers, to the hardware and software that produced them.

## II.    STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers. As the Court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill. App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766).

Although issued in a different type of FCRA statutory damages case, *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006), is on point supporting plaintiff's arguments that a class should be certified in this case. *GMAC Mortgage* concluded that the existence of the FCRA violation alleged turned on whether a form document satisfied the requirements of the statute. Based on this conclusion, the Court of Appeals held:

1.     Whether the document complied with the statute "may be resolved for a class as a whole." *Murray v. GMAC Mortgage Corp.*, *supra*, 434 F.3d at 956.

2.     The class action procedure "was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate," *GMAC Mortgage*, 434 F.3d at 953.

3.     Statutory damages such as those provided for by the FCRA provide relief for actual losses that are small and hard to quantify, without proof of injury. *GMAC Mortgage*, 434 F.3d at 953.

4.     An award to the class "that would be unconstitutionally excessive may be reduced ... but constitutional limits are best applied after a class has been certified [when] a judge may evaluate the defendant's overall conduct and control its total exposure." *GMAC Mortgage*, 434 F.3d at 954.

These factors set forth by the Seventh Circuit clearly indicate that this matter is suitable for class certification.

As a result, numerous cases seeking FCRA statutory damages have been certified in this district, *Kudlicki v. Farragut Financial Corp.*, 05 C 2459, 2006 U.S. Dist. LEXIS 20302 (N.D. Ill., Jan. 20, 2006) (classwide summary judgment on liability; class was certified by unreported order [Dkt. #34] on Sept. 29, 2005) (Lindberg, J.); *Murray v. Sunrise Chevrolet, Inc.*, 04 C 7668, 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006) (Coar, J.); *Wanek v. C.M.A. Mortgage Inc.*, 05 C 4775, Dkt. #51 (N.D. Ill., Apr. 17, 2006) (Lindberg, J.); *Cavin v. Home Loan Center, Inc.*, *supra*, 236 F.R.D. 387 (Castillo, J.); *Murray v. IndyMac Bank, F.S.B.*, 04 C

4

7669, 2006 U.S. Dist. LEXIS 54513 (N.D. Ill., Aug. 7, 2006) (Der-Yeghiayan, J.); *Pavone v. Aegis Lending Corp.*, 05 C 5129, 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006) (Aspen, J.); *Murray v. New Cingular Wireless Services Inc.*, 232 F.R.D. 295 (Castillo, J.); *Thomas v. Capital One Auto Finance, Inc.*, 06 C 463, 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006) (Lefkow, J.); *Kudlicki v. Capital One Auto Fin.*, 06 C 1918, 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006) (Bucklo, J.); *Claffey v. River Oaks Hyundai, Inc.*, 238 F.R.D. 464 (N.D. Ill. 2006) (Kennelly, J.); *Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392 (N.D. Ill. 2006) (Castillo, J.); *Sampson v. Ridge Chrysler*, 03 C 1396, 2004 U.S. Dist. LEXIS 5415 (N.D. Ill., Apr. 1, 2004), later opinion, 2004 U.S. Dist. LEXIS 11779 (N.D. Ill., July 1, 2004) (Zagel, J.); *Larson v. Capital One Auto Fin., Inc.*, 06 C 1174, 2007 U.S. Dist. LEXIS 15620 (N.D. Ill. Mar. 5, 2007) (Kennelly, J.); *Murray v. Cingular Wireless II, LLC*, 05 C 1334, 2005 U.S. Dist. LEXIS 39542 (N.D. Ill., Dec. 22, 2005) (Manning, J.).  These courts conclude that "Public policy encourages that cases of this type proceed as class actions in order to put an end to any illegal activity that may be occurring."  *Bonner v. Home 123 Corp., supra*, 2006 U.S. Dist. LEXIS 54418, * 22.

Others have been certified elsewhere in the Seventh Circuit, *Bonner v. Home 123 Corp.*, 2:05-CV-146 PS, 2006 U.S. Dist. LEXIS 54418 (N.D. Ind., Aug. 4, 2006) (Simon, J); *Shellman v. Countrywide Home Loans, Inc.*, 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D. Ind., Apr. 12, 2007); *Emerson v. Aegis Lending Corp.*, 2:05-cv-00848-WEC, Dkt. # 61-1 (E.D. Wis., Aug. 17, 2006); and elsewhere.  *White v. E-Loan*, 05-02080, 2006 U.S. Dist. LEXIS 62654 (N.D. Cal., Aug. 18, 2006) (Illston, J.); *Walker v. Calusa Investments, LLC*, 2007 U.S. Dist. LEXIS 53926 (S.D. Ind., July 23, 2007) (McKinney, J.).

In the present case, the critical issues are (a) whether Rockler had a practice of providing customers with a sales or transaction receipt on which Rockler printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card; and (b) whether Rockler thereby willfully violated FACTA.  Such claims can be resolved,

in part or in whole, at summary judgment, as has been the case in actions involving the prescreening of credit information. *GMAC Mortgage II, supra*; *Murray v. IndyMac Bank, FSB*, 461 F. Supp. 2d 645 (N.D. Ill. 2006); *Murray v. Sunrise Chevrolet, Inc.*, 441 F.Supp.2d 940 (N.D. Ill. 2006). Both of these inquiries are uniform with respect to the entire class, and will be decided on facts that apply equally to all class members.

This Court has the discretion to adjust the statutory damages, if necessary, to address any concerns about the size of a potential award to the class, after class certification is granted. *GMAC Mortgage* held that a limitation on supposedly excessive damages, on due process grounds, is:

> best applied after a class has been certified. Then a judge may evaluate the defendant's overall conduct and control its total exposure. Reducing recoveries by forcing everyone to litigate independently—so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims—has little to recommend it. [*GMAC Mortgage*, 434 F.3d at 954.]

Furthermore, possibility of excessive damages "might be invoked, not to prevent certification, but to nullify that effect and reduce the aggregate damage award." *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 22, 27-28 (2d Cir. 2003); *State of Texas v. American Blast Fax, Inc.*, 164 F.Supp.2d 892 (W.D. Tex. 2001) (same).

## III.    THE PROPOSED CLASS MEETS THE CERTIFICATION REQUIREMENTS

### A.    Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive...." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986). Where the class numbers at least 40, joinder is generally considered impracticable. *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Riordan v. Smith Barney*, *supra* (10-29 sufficient); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 463 (E.D. Pa. 1968) (25 sufficient); *Sala v. National R. Pass. Corp.*, 120

6

F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (about 70 sufficient); *In re Sulfuric Acid Antitrust Litig.*, MDL Docket No. 1536, 03 C 4576, 2007 U.S. Dist. LEXIS 20380, *7 (N.D. Ill., Mar. 21, 2007) (40 sufficient).

It is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 325 (E.D. N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D. N.Y. 1986); *Mailloux v. Arrow Fin. Servs.*, 204 F.R.D. 38, 40 (E.D. N.Y. 2001); *McDonald v. Washington Mut. Bank, F.A.*, 99 C 6884, 2000 U.S. Dist. LEXIS 11496, *6 (N.D. Ill., June 26, 2000).

The court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983); *Mailloux v. Arrow Fin. Servs., supra*, 204 F.R.D. 38, 40 (E.D. N.Y. 2001). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination.... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 3 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, §7.22 (4th ed. Dec. 2006 Supp.).

For example, many courts find it reasonable to infer that the number of class members exceeds the minimum necessary from the use of form documents. *Swiggett v. Watson*, 441 F. Supp. 254, 256 (D. Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, fact that Department of Motor Vehicles issued printed form for such transfer in and of itself sufficient to show that numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D. Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to

which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); *Carr v. Trans Union Corp.*, C.A. 94-22, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); *Colbert v. Trans Union Corp.*, C.A. 93-6106, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. 1995) (same); *Keele v. Wexler & Wexler*, 95 C 3483, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill., Mar. 18, 1996), aff'd, 149 F.3d 589 (7th Cir. 1998) (same); *Peters v. AT&T Corp.*, 179 F.R.D. 564, 566-7 (N.D. Ill. 1998) (since letter sent to plaintiff was form letter, "it is reasonable to infer that many individuals received the form collection letter and that joinder of all the individuals could be impracticable"). "Where it is general knowledge or common sense that the proposed class would be large, the court may assume that joinder would be impracticable." *Smith v. Short Terms Loans, LLC*, 99 C 1288, 2001 U.S. Dist. LEXIS 1554, *13 (N.D. Ill., Feb. 14, 2001); *accord, Rivera v. Grossinger Autoplex, Inc.*, 00 C 442, 2000 U.S. Dist. LEXIS 13073, *3 (N.D. Ill., Sept. 1, 2000) (similar).

For the reasons stated in plaintiff's motion, it is reasonable to infer that the class is no smaller than 100 individuals, which would satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1).

**B. Predominance of common questions of law or fact**

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law *or* fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.

These requirements are normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *Halverson v. Convenient Food Mart, Inc.*, 69 F.R.D. 331, 334 (N.D. Ill. 1974). Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality

requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984); *accord, Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988); *Carroll v. United Compucred Collections*, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *43-44 (M.D. Tenn., Nov. 15, 2002), adopted in pertinent part, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn., Mar. 31, 2003), aff'd, 399 F.3d 620 (6th Cir. 2005); *Wahl v. Midland Credit Mgmt.*, 06 C 1708, 2007 U.S. Dist. LEXIS 39626, *14-15 (N.D. Ill., May 30, 2007); *Smith v. Nike Retail Services, Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). The authorities hold that cases dealing with the legality of standardized documents or conduct are generally appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis. *Halverson*, *supra*, 69 F.R.D. at 334-336; *Haroco v. American Nat'l Bank*, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper computation of interest); *Kleiner v. First Nat'l Bank*, 97 F.R.D. 683, 692 (N.D. Ga. 1983) (same); *Heastie v. Community Bank*, 125 F.R.D. 669, 675 (N.D. Ill. 1989) (execution of home improvement financing documents in sequence that evaded consumers' rescission rights); *Carroll v. United Compucred Collections*, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *47-48 (M.D. Tenn., Nov. 15, 2002) (collection practices).

In this case, the "common nucleus of operative fact," *Halverson*, 69 F.R.D. at 335, is that defendants issued receipts that allegedly failed to comply with FACTA. The dispositive issues – indeed, the *only* issues – are (1) whether the material provided to plaintiff complies with 15 USC §1681c(g), and (2) whether defendant violated the FCRA willfully.

The alleged failure to comply with FACTA is the same for each person who received a noncompliant receipt; thus, each class member has the same claim. *GMAC Mortgage* held that this sort of question does not call for any sort of individualized inquiry. Accordingly, the questions of whether noncompliant receipts were provided and whether the FACTA violation was willful depends on facts involving defendant's activities, and not the activities of plaintiff or class members.

The only individual issue is the identification of the consumers who were

provided with a noncompliant receipt.  Defendants will be asked to produce a class list, through

discovery requests.  At any rate, identification of class members is not an obstacle to class

certification.  *Heastie v. Community Bank*, supra, 125 F.R.D.669 (N.D. Ill. 1989) (Court found

that common issues predominate where individual questions of injury and damages could be

determined by "merely comparing the contract between the consumer and the contractor with the

contract between the consumer and Community Bank"); *Wilkinson v. F.B.I.*, 99 F.R.D. 148, 157

(C.D. Cal. 1983) ("a need for individual proof of damages would not preclude class certification.

The amount of damages is invariably an individual question and does not defeat class

treatment."); *Franklin*, 102 F.R.D at 949 (similar).

>        C.        **Typicality**

Rule 23 requires that the claims of the named plaintiff be typical of the claims of

the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course
> of conduct that gives rise to the claims of other class members and his or her
> claims are based on the same legal theory.  The typicality requirement may be
> satisfied even if there are factual distinctions between the claims of the named
> plaintiffs and those of other class members.  Thus, similarity of legal theory may
> control even in the face of differences of fact. [*De La Fuente v. Stokely-Van
> Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).]

In the instant case, typicality is inherent in the class definition.  Each of the class

members has been subjected to the same practice as the named plaintiff.

>        D.        **Adequacy of representation**

The rule also requires that the named plaintiff provide fair and adequate

protection for the interests of the class.  That protection involves two factors:  (a) the plaintiff's

attorney must be qualified, experienced, and generally able to conduct the proposed litigation;

and (b) the plaintiff must not have interests antagonistic to those of the class.  *Rosario v.

Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *accord*, *Wetzel v. Liberty Mutual Ins. Co.*, 508

F.2d 239, 247 (3d Cir. 1975)*;  In re Sulfuric Acid Antitrust Litig.*, MDL Docket No. 1536, 03 C

4576, 2007 U.S. Dist. LEXIS 20380, *15 (N.D. Ill., Mar. 21, 2007).

Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Exhibit H, which sets forth counsel's qualifications. Plaintiff's counsel brought the seminal FCRA case of *GMAC Mortgage*. They have also settled some 15 FCRA class actions, in one case after obtaining summary judgment on liability. *Kudlicki v. Farragut Financial Corp.*, 05 C 2459, 2006 U.S. Dist. LEXIS 20302 (N.D. Ill., Jan. 20, 2006).

In *Sunrise Chevrolet*, the plaintiff and her counsel (who are counsel here) were found to be adequate:

> After noting that although "[a] person who seeks out opportunities to sue could do so in ways that injure other class members," the appellate court stated that "[n]othing about the frequency of Murray's litigation implies that she is less suited to represent others than is a person who received and sued on but a single offer." [*GMAC Mortgage*], 434 F.3d 948, 954 (7th Cir. 2006). "Repeat litigants may be better able to monitor the conduct of counsel, who as a practical matter are the class's real champions." *Id.* The fact that Murray has sued multiple defendants for committing the same alleged statutory violation "does not injure any other potential borrower." *Id.* Murray is not receiving financial compensation for serving as a class plaintiff. She seeks statutory money damages, as will the class members, for her claims. Murray has established that she will serve as an adequate class representative.
>
> The second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Plaintiff's counsel has appeared before multiple courts in this Circuit and has an extensive practice, focused on consumer protection issues. Counsel has litigated numerous FCRA cases, including *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004). Plaintiff's counsel satisfies the requirements of the adequacy of representation prong. [*Murray v. Sunrise Chevrolet*, 2006 U.S. Dist. LEXIS 19626, *8-*9 (N.D. Ill. March 30, 2006).]

Plaintiff's counsel has also been approved as class counsel in scores of additional consumer protection cases.  (Exhibit H).

Another relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class.  Here, both plaintiff and the class members seek money damages as the result of defendant's violation of the FCRA.  Given the identity of claims between plaintiff and the class members, there is no potential for

conflicting interests in this action.  There is no antagonism between the interests of the named

plaintiff and those of the class.

>    **E.**    **Superiority**

>        In *GMAC Mortgage*, the Seventh Circuit held that cases such as this one, where

hundreds of people have exactly the same claim, are well-suited for class resolution:

>> [Fed.R.Civ.P] 23(b)(3) was designed for situations such as this, in which the
>> potential recovery is too slight to support individual suits, but injury is substantial
>> in the aggregate. See, *e.g.*, Mace v. Van Ru Credit Corp., 109 F.3d 338, 344-345
>> (7th Cir. 1997). Reliance on federal law avoids the complications that can plague
>> multi-state classes under state law, see In re Bridgestone/Firestone, Inc., Tires
>> Products Liability Litigation, 288 F.3d 1012 (7th Cir. 2002), and society may gain
>> from the deterrent effect of financial awards. The practical alternative to class
>> litigation is punitive damages, not a fusillade of small-stakes claims. See Mathias
>> v. Accor Economy Lodging, Inc., 347 F.3d 672 (7th Cir. 2003). (GMAC
>> Mortgage, supra, 434 F.3d at 953).

>        Generally speaking, efficiency is the primary focus in determining whether the

class action is the superior method for resolving the controversy presented.  *Eovaldi v. First*

*Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972).  The Court is required to determine the best available

method for resolving the controversy in keeping with judicial integrity, convenience, and

economy.  *Scholes*, 143 F.R.D. at 189; *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D. Mo.

1977).  It is proper for a court, in deciding the "best" available method, to consider the

"improbability that large numbers of class members would possess the initiative to litigate

individually."  *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

>        In this case there is no better method available for the adjudication of the claims

which might be brought by each individual consumer.  The vast majority of consumers are

undoubtedly unaware that their rights are being violated.  Furthermore, multiple individual

FCRA suits would be unduly burdensome to the Courts; judicial efficiency would be greatly

promoted through the adjudication of identical claims through a single proceeding.

>        The fact that there are large numbers of class members "is no argument at all"

against certification.  *Carnegie v. Household Int'l, Inc.*, *supra*, 376 F.3d 656, 660-61 (7th Cir.

2004).  Further:

> The more claimants there are, the more likely a class action is to yield substantial
> economies in litigation.  It would hardly be an improvement to have in lieu of this
> single class action 17 million suits each seeking damages of $15 to $30.... The
> realistic alternative to a class action is not 17 million individual suits, but zero
> individual suits, as only a lunatic or a fanatic sues for $30.  But a class action has
> to be unwieldy indeed before it can be pronounced an inferior alternative—no
> matter how massive the fraud or other wrongdoing that will go unpunished if
> class treatment is denied—to no litigation at all.  *Id.*

*GMAC Mortgage* concurred with this view, finding that:

> reducing recoveries by forcing everyone to litigate independently—so that
> constitutional bounds are not tested, because the statute cannot be enforced by
> more than a handful of victims—has little to recommend it. (*GMAC Mortgage*,
> 434 F.3d at 954.)

The special efficacy of the consumer class action has been noted by the courts and

is applicable to this case. *In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill.

1977), noted that:

> a class action permits a large group of claimants to have their claims adjudicated
> in a single lawsuit.  This is particularly important where, as here, a large number
> of small and medium sized claimants may be involved.  In light of the awesome
> costs of discovery and trial, many of them would not be able to secure relief if
> class certification were denied . . . . (Citations omitted.)

Furthermore, *Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628-629 (E.D. Pa

1994) held that:

> given the relatively small amount recoverable by each potential litigant, it is
> unlikely that, absent the class action mechanism, any one individual would pursue
> his claim, or even be able to retain an attorney willing to bring the action.  As
> Professors Wright, Miller and Kane have discussed, in analyzing consumer
> protection class actions such as the instant one, 'typically the individual claims
> are for small amounts, which means that the injured parties would not be able to
> bear the significant litigation expenses involved in suing a large corporation on an
> individual basis.  These financial barriers may be overcome by permitting the suit
> to be brought by one or more consumers on behalf of others who are similarly
> situated.'  7B Wright et al., §1778, at 59; see *e.g., Phillips Petroleum Co. v.
> Shutts*, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiff to
> pool claims which would be uneconomical to litigate individually.')  The public
> interest in seeing that the rights of consumers are vindicated favors the disposition
> of the instant claims in a class action form.

**F.     Allegedly excessive damages**

The Seventh Circuit has made it clear that the defendant's lack of ability to pay a large judgment is not a viable reason for not certifying a class.  This Court has the discretion to adjust the statutory damages, if necessary, to address any concerns about the size of a potential award to the class, after class certification is granted.  *GMAC Mortgage* held that a limitation on allegedly excessive damages is:

> best applied after a class has been certified. Then a judge may evaluate the defendant's overall conduct and control its total exposure. Reducing recoveries by forcing everyone to litigate independently  —  so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims  —  has little to recommend it.  (*GMAC Mortgage*, 434 F.3d at 954.)

Thus, the possibility of excessive damages "might be invoked, not to prevent certification, but to nullify that effect and reduce the aggregate damage award."  *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 22, 27-28 (2d Cir. 2003); *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (same in case under Telephone Consumer Protection Act); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004) (same) (Exhibit I).

In short, class certification will provide an efficient and appropriate resolution of the controversy.  *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988).

**IV.    CONCLUSION**

The proposed class meets the requirements of Rules 23(a) and 23(b)(3).  Plaintiff respectfully requests that this Court certify a class as set forth above.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on November 15, 2007 a copy of the foregoing PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION was filed electronically, and was personally served on the following party:

Rockler Retail Group, Inc., d/b/a Rockler Woodworking and Hardware
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street
Suite 814
Chicago, IL 60604


s/Daniel A. Edelman
Daniel A. Edelman