**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JULIE RHODES, individually and on behalf of a class,<br><br>    Plaintiff,<br><br>vs.<br><br>ROCKLER RETAIL GROUP, INC., doing business as ROCKLER WOODWORKING AND HARDWARE, and DOES 1-10,<br><br>    Defendants. | Case No.: 2007-CV-6385<br><br>Chief Judge James Holderman<br><br>Presiding Mag. Judge Morton Denlow |

**ROCKLER RETAIL GROUP, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

Rockler Retail Group, Inc. ("Rockler"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the putative Class Action Complaint of Plaintiff Julie Rhodes ("Plaintiff") or, in the alternative, to stay the proceedings resolution of The Credit and Debit Card Receipt Clarification Act of 2007 (the "Bill"). In support of its Motion, Rockler states as follows:

1.      Plaintiff and proposed class representative Julie Rhodes does not have standing to bring this action because the receipt in question was ***not*** provided to her. Rather, the receipt referred to extensively throughout the Complaint identifies a "Jeff Rhodes," and there is no mention of a Julie Rhodes anywhere on it. (*See* Ex. A to Rockler's Memorandum of Law in Support of Motion to Dismiss or, in the Alternative to Stay Proceedings.) Plaintiff has not suffered any injury traceable to Rockler and therefore she does not have standing as a matter of law.

2.      The Complaint should be dismissed for the additional, independent reason that, further to the Supreme Court's recent decision in *Safeco Insurance Company of America v. Burr*, 127 S. Ct. 2201 (2007), Plaintiff has not (and cannot) plead a willful violation of FACTA as a matter of law. In light of *Safeco*, the relevant inquiry for purposes of this motion to dismiss is

whether Plaintiff has set forth allegations that Rockler's actions were *not* consistent with an objectively reasonable interpretation of FACTA.  Taking Plaintiff's allegations as true, Rockler printed the card expiration date on Plaintiff's receipt and properly truncated the card number to the last five digits or less.  Rockler's conduct is entirely consistent with an objectively reasonable interpretation of the statutory language.

       3.    That inescapable conclusion is supported by the Bill, which would clarify the drafters of FACTA's intent that display of the expiration date on a receipt provided that the credit card number is properly truncated is not a willful violation entitling plaintiffs (who have not alleged any actual harm) to statutory damages:

> [f]or the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section [1681c(g)] *for such receipts shall not be in willful noncompliance with section [1681c(g)] by reason of printing such expiration date on the receipt.*

H.R. 4008 at 4:7-15.  Notably, the Bill would have retroactive effect and therefore would completely eviscerate Plaintiff's claim against Rockler, not to mention the hundreds of other currently pending class actions which allege nothing more than a technical "violation" of FACTA based on display of the expiration date.  *Id.* at 4:16-22.  The Bill, along with the poorly-worded statute itself and the well-documented confusion surrounding FACTA's requirements, all support the conclusion that Plaintiff has not (and cannot) set forth allegations sufficient to state a claim for a willful violation of FACTA.

       4.    In the event that this Court is not inclined to dismiss Plaintiff's Complaint, Rockler respectfully requests that this Court exercise its inherent powers to stay the proceedings pending resolution of the Bill.  Enactment of the Bill will have a profound impact on the current epidemic of FACTA lawsuits, the vast majority of which solely allege that the defendant violated the statute by displaying the expiration date.  Issuance of a stay pending disposition of the Bill is a reasonable and prudent exercise of this Court's power to control its docket and to effect justice.  The opportunistic lawsuits occasioned by legislative missteps are best remedied by Congress, for they know better than anyone what they meant.

       5.    Finally, a consideration of the parties' respective hardships clearly favors issuance of a stay.  Despite the fact that experts in the industry agree that the display of an expiration date

alongside a properly truncated number is of no consequence, defendants — such as Rockler — are placed in the unenviable situation of either capitulating to a coercive settlement or expending tremendous amounts of time, energy, and resources defending themselves against the specter of annihilating damages (all in the absence of even an allegation of actual harm).  As Plaintiff has not alleged any actual damages, she cannot say that she will be prejudiced by a stay other than Congress may (via the Bill) take away her proverbial "lottery ticket."  Nevertheless, in an attempt to ameliorate any conceivable harm that could potentially befall Plaintiff as a result of a stay, Rockler respectfully suggests that the parties convene in ninety days to apprise this Court regarding any developments regarding the Bill.

**WHEREFORE**, Rockler Retail Group, Inc. respectfully requests that this Court enter an order:

(i)   dismissing Plaintiff's putative Class Action Complaint with prejudice; or

(ii)  in the alternative, staying the proceedings until resolution of the Bill; and

(iii) granting Rockler any and all additional relief that this Court deems just and equitable.

Dated: February 4, 2008                     Respectfully submitted,

                                            **ROCKLER RETAIL GROUP, INC.**

                                                  /s/ David S. Almeida
                                                  One of Its Attorneys

Gordon B. Nash, Jr.
David S. Almeida
Steven D. Hamilton
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1000 (telephone)
(312) 569-3000 (facsimile)

*Attorneys for Rockler Retail Group, Inc.*

CH01/ 12528691.1

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2008, the foregoing **Rockler Retail Group, Inc.'s Motion to Dismiss Or, in the Alternative, to Stay Proceedings** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. I further certify that I caused a copy of the foregoing to be sent via hand delivery to:

Daniel Edelman
Cathleen Combs
James Latturner
Cassandra Miller
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

　　　　　　　　　　　　　　　　　　　　　　　　/s/ David S. Almeida