IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE RHODES, individually and on behalf of a class,    ) ) ) | Case No.: 2007-CV-6385 |
| Plaintiff,    ) ) ) | Chief Judge James Holderman |
|  ) | Presiding Mag. Judge Morton Denlow |
| vs.    ) ) |  |
| ROCKLER RETAIL GROUP, INC., doing business as ROCKLER WOODWORKING AND HARDWARE, and DOES 1-10,    ) ) ) ) ) ) |  |
| Defendants.    ) |  |

**MEMORANDUM OF LAW IN SUPPORT OF ROCKLER RETAIL GROUP, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

**DRINKER BIDDLE & REATH LLP**
Gordon B. Nash, Jr.
David S. Almeida
Steven D. Hamilton
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
T: (312) 569-1000
F: (312) 569-3000

*Attorneys for Rockler Retail Group, Inc.*

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ...............................................................................................1

**STANDARD FOR DISMISSAL.** .............................................................................................2

**ARGUMENT.** ............................................................................................................................2

**I.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF LACKS STANDING.** .................................................................2

**II.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT STATE A CLAIM FOR A WILLFUL VIOLATION OF FACTA AS A MATTER OF LAW.** ...............................................4

    **A.   It Is Not an Objectively Unreasonable Interpretation of FACTA to Permit the Printing of the Expiration Date if the Card Number Is Properly Truncated** ..............................................................5

        *1.  Safeco Establishes That a Defendant Does Not Willfully Violate FCRA If the Defendant's Actions Were Pursuant to an Objectively Reasonable Interpretation of the Relevant Statutory Provision.* ..............................................................................5

        *2.  Pending Federal Legislation, FACTA's Drafters, the Hundreds of Pending Class Actions, and the Substantial Press Surrounding FACTA's Enactments Support This Objectively Reasonable Interpretation of FACTA.* .................................7

            a.   Congressional Efforts to Clarify FACTA: The Credit and Debit Card Receipt Clarification Act of 2007. ..............................................................................................7

            b.   Commentary Regarding FACTA Supports the Conclusion That It is Susceptible to Several Reasonable Interpretations. ............................................................10

            c.   The Nationwide Epidemic of Putative Class Action Lawsuits Further Supports the Notion That FACTA Is Not Clear. ................................................................................11

    **B.   Plaintiff Has Not Alleged That Rockler Knew The Printing of the Expiration Date Held Any Risk of Potential Harm.** ................................12

**III. IN THE EVENT THAT THIS COURT IS NOT INCLINED TO DISMISS PLAINTIFF'S COMPLAINT, THE CASE SHOULD BE STAYED PENDING RESOLUTION OF THE BILL.** .............................................13

**CONCLUSION** .......................................................................................................................15

## TABLE OF AUTHORITIES

Page

*Cases*

*Action Wholesale Liquors v. Okla. Alcoholic Beverage Law Enforcement Comm'n*, 463 F. Supp.2d 1294 (W.D. Okla. 2006) ................................................................ 14

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ....................................................... *passim*

*BMW v. Gore*, 517 U.S. 559 (1996) ........................................................................................ 14

*Cheyney State College Faculty v. Hufstedler*, 703 F. 2d 732 (3d Cir. 1983) .......................... 14

*EEOC v. Concentra Health Serv., Inc.*, No. 06-3436, 2007 WL 2215764 (7th Cir. August 3, 2007) .................................................................................................................... 2

*Follman v. Village Squire, Inc.,* No. 07 C 3767, Dec. 18, 2007 ................................................ 9

*Hernandez v. City of Gosden*, 324 F. 3d 535 (7th Cir. 2003) ................................................... 2

*In re Trans Union Corp. Privacy Lit.*, 211 F.R.D. 328 (N.D. Ill. 2002) ................................... 3

*Iosello v. Leibleys*, 502 F. Supp. 2d 782 (N.D. Ill. 2007) ......................................................... 4

*Kennedy v. Victoria's Secret Stores, Inc.*, No. 03-2691, 2004 WL 414808 (E.D. La. March 3, 2004) ................................................................................................................. 3

*Landis v. North American Corp.*, 299 U.S. 248 (1936) .......................................................... 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................................... 3

*Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007) ........................................................ *passim*

*Sanders v. Jackson*, 209 F. 3d 998 (7th Cir. 2000) ................................................................... 7

*Soualian v. Int'l Coffee & Tea LLC*, No. 07-502-RGK, __ F. Supp. 2d __ (C.D. Cal. June 11, 2007) ................................................................................................................... 13

*Spikings v. Cost Plus, Inc.*, No. 06-8125-JFW, ___ F. Supp. 2d ___ (C.D. Cal. May 25, 2007) ..................................................................................................................... 13

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) ........................................ 14

*Tamari v. Bache & Co.*, 565 F. 2d 1194 (7th Cir. 1977) ........................................................... 2

*TransWorld Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985) ................................................. 13

*Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F. 2d 429 (7th Cir. 1993) ..................... 3

*Villagran v. Freeway Ford, Ltd.*, No. H-05-2687, 2007 WL 2688432 (S.D. Tex. Sept. 10, 2007) ...................................................................................................................... 3

*Washington v. CSC Credit Serv., Inc.*, 194 F.R.D. 244 (E.D. La. 2000) ................................... 3

*Welsh v. Boy Scouts of Am.*, 993 F. 2d 1267 (7th Cir. 1993) ................................................... 4

*Wojtczak v. Chase Bank USA, N.A.*, No. 06-C-987, 2007 WL 4232995 (E.D. Wisc. Nov. 27, 2007) ..................................................................................................13

*Wright v. Associated Ins. Co., Inc.*, 29 F. 3d 1244 (7th Cir. 1994) .................................3

<u>Statutes</u>

15 U.S.C. § 1681c(g) ........................................................................................................7

15 U.S.C. § 1681m(a) ..................................................................................................5, 6

15 U.S.C. § 1681n(a)(1)(A)..............................................................................................1

15 U.S.C. §§ 1681n(a) & 1681o(a)..................................................................................6

<u>Amendments</u>

The Credit and Debit Card Receipt Clarification Act of 2007, H.R. 4008 110th Congress (1st Sess. 2007) ..................................................................................... *passim*

<u>Rules</u>

FED.R.CIV.P. 8(a)(2) ........................................................................................................2

FED.R.CIV.P.12(b)(6)........................................................................................................2

<u>Miscellaneous Authorities</u>

*A Billion Dollar "Harm-Less" Lawsuit,"* Ted Frank, American Enterprise Institute for Public Policy Research, October 31, 2007 ...........................................10

*Mahoney Introduces Legislation To Protect Businesses From Frivolous Lawsuits, October 30, 2007* .........................................................................................9

*Credit and Debit Card Receipts Could Lead to Court, National Small Business Association, Nov. 14, 2007*....................................................................................9

*NACS Supports Bill to Protect Retailers on Credit Card Receipts, May 12, 2007*................10, 12

*Turn Those Credit Slips Into Gold, Overlawyered.com, May 10, 2007* ......................12

## PRELIMINARY STATEMENT

This Complaint is one of hundreds of virtually identical class action complaints filed throughout the country regarding a newly effective and largely untested statute, the Fair and Accurate Credit Transaction Act ("FACTA" or "15 U.S.C. § 1681c(g)"). By her Complaint, Plaintiff Julie Rhodes ("Plaintiff") alleges that Defendant Rockler Retail Group, Inc. ("Rockler") violated FACTA by displaying the expiration date of her credit card on a receipt. Plaintiff does not set forth any allegations that Rockler did not properly truncate the card number to the last five digits or less, nor does Plaintiff allege that the printing of the expiration date resulted in any actual harm. Rather, she, on behalf of two putative statewide classes, seeks to recover statutory and punitive damages, as well as attorneys' fees and costs, for purported willful violations of FACTA.[1]

Plaintiff's Complaint should be dismissed with prejudice for two reasons. First, Julie Rhodes does not have standing to bring this action because the receipt upon which she purports to sue was ***not*** provided to her; rather, the receipt in question was provided to a person named "Jeff Rhodes." (*See* Ex. A.) Second, according to the Supreme Court's recent decision in *Safeco Insurance Company of America v. Burr*, 127 S. Ct. 2201 (2007), Plaintiff has not (and cannot) plead a willful violation of FACTA as a matter of law. In light of *Safeco*, the relevant inquiry for purposes of a motion to dismiss is whether plaintiff has set forth allegations that defendant's actions were ***not*** consistent with an objectively reasonable interpretation of FACTA. Taking Plaintiff's allegations as true, Rockler printed the card expiration date on Plaintiff's receipt and truncated the card number to the last five digits or less. As detailed extensively below, Rockler's conduct is entirely consistent with an objectively reasonable interpretation of the statutory language. Finally, in the event that this Court is not inclined to dismiss the Complaint, Rockler respectfully requests that this case be stayed pending Congressional resolution of The Credit and Debit Card Receipt Clarification Act of 2007 (the "Bill"). The Bill, which is currently before the House of Representatives Committee on Financial Services, would amend FACTA, and require plaintiffs attempting to sue for display of an expiration date to allege and to prove actual damages to be entitled to recover. Given the spate of FACTA cases in this District and across

---

[1] FACTA is part of the Fair Credit Reporting Act ("FCRA") which provides that any person who willfully fails to comply with its requirements is liable for "actual damages sustained by the consumer as a result of the failure on damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).

the country, not to mention the irreversible harm that could befall defendants (like Rockler) due to the amorphous statute, a stay pending clarification of FACTA by its drafters is a prudent exercise of this Court's inherent powers.

## STANDARD FOR DISMISSAL

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that a court, however, need not accept "mere unsupported conclusions of fact or mixed fact and law." *Tamari v. Bache & Co.*, 565 F. 2d 1194, 1198-1199 (7th Cir. 1977). Moreover, a complaint must be dismissed pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle it to relief. *See, e.g., Hernandez v. City of Gosden*, 324 F. 3d 535, 537 (7th Cir. 2003). Similarly, a complaint should be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Since *Bell Atlantic*, a plaintiff may no longer rely upon "labels and conclusions," but must plead facts to establish that a claim is plausible, not merely possible. *Id.*; *see also EEOC v. Concentra Health Serv., Inc.*, No. 06-3436, 2007 WL 2215764, at *2 (7th Cir. August 3, 2007) (stating that the complaint's "allegations must plausibly suggest that the plaintiff has a right to relief raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court"). (A copy of all unpublished decisions and slip opinions cited herein are attached collectively hereto as Ex. B.) Plaintiff's Complaint should be dismissed with prejudice as a matter of law because she lacks standing and, independent of that, she cannot state a claim for a willful violation of FACTA by Rockler as a matter of law.

## ARGUMENT

### I.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF LACKS STANDING.

Plaintiff and proposed class representative Julie Rhodes does not have standing to bring this action. FACTA, in relevant part, states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any ***receipt provided to the cardholder at the point of sale or transaction.***" 15 U.S.C. § 1681c(g)(1) (emphasis added). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing, which are: (i) an

-2-

injury-in-fact, which is an invasion of a legally protected interest that is concrete and particularized; (ii) a causal relationship between the injury that can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 n.1 (1992) (stating that "the injury must affect the plaintiff in a personal and individual way"); *In re Trans Union Corp. Privacy Lit.*, 211 F.R.D. 328, 337 (N.D. Ill. 2002) (dismissing putative FCRA class action for lack of standing); *Villagran v. Freeway Ford, Ltd.*, No. H-05-2687, 2007 WL 2688432, at *15-16 (S.D. Tex. Sept. 10, 2007) (finding that plaintiff lacked standing to assert that mailings defendant sent to other consumers violated FCRA).

As the only "fact" alleged in her Complaint, Plaintiff states that "[o]n October 19, 2007, [she] received from Rockler [] at its establishment located at 15931 Harlem Avenue, Tinley Park, IL 60477, a computer generated cash register receipt which displayed [her] card expiration date." (Cplt. ¶¶ 19 & 32.)  However, on the receipt upon which Plaintiff purports to sue, a "Jeff Rhodes" is identified—not Plaintiff and proposed class representative Julie Rhodes. (*See* Ex. A.)[2]  Therefore, Plaintiff does not have standing as a matter of law and the Complaint should be dismissed with prejudice. *Accord Washington v. CSC Credit Serv., Inc.*, 194 F.R.D. 244, 252 (E.D. La. 2000) (finding that wife lacked standing to challenge the release of her husband's credit report under FCRA); *Kennedy v. Victoria's Secret Stores, Inc.*, No. 03-2691, 2004 WL 414808, at *2 (E.D. La. March 3, 2004) (dismissing husband's claims under FCRA because "he failed to assert any damages he suffered as a result of [defendant's] actions relating to his wife's credit report").

## II.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT STATE A CLAIM FOR A WILLFUL VIOLATION OF FACTA AS A MATTER OF LAW.

Plaintiff's lack of standing aside, the Complaint should be dismissed because Plaintiff has not (and cannot) plead ***any*** set of facts stating a plausible claim for a *willful* violation of FACTA. Specifically, the Supreme Court's recent decision in *Safeco* establishes that a defendant does not

---

[2]  Although the court may not look beyond the pleadings in ruling on a motion to dismiss, it may take into consideration documents incorporated by reference in the pleadings.  *See, e.g.*, *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F. 2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Wright v. Associated Ins. Cos., Inc.*, 29 F. 3d 1244, 1248 (7th Cir. 1994 (same).

willfully violate FCRA (of which FACTA is a part) if the defendant's actions were based upon an objectively reasonable interpretation of the statute. *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007) ("*Safeco*"). In this case, even accepting Plaintiff's allegations as true, the Complaint should nonetheless be dismissed because an objectively reasonable interpretation of FACTA is that the expiration date may be displayed on a receipt provided that the card number is truncated to the last five digits or less. As detailed below, this objective interpretation of FACTA is supported by: (i) FACTA's statutory language; (ii) the pending Bill which would clarify that displaying an expiration date cannot constitute a willful violation; (iii) the epidemic of lawsuits brought against merchants who reasonably understood that FACTA does not prohibit the display of the expiration date if the card number is truncated to the last five digits or less; and (iv) the considerable commentary regarding the merchant community's confusion about FACTA's requirements.

Rockler is mindful of certain FACTA decisions holding that it is a violation of FACTA to print the expiration date regardless of the truncation of the card number. Rockler respectfully submits that courts should ***not*** rewrite the plain language of the statute to fit the plaintiffs' bar's interpretation. *See, e.g., Welsh v. Boy Scouts of Am.*, 993 F. 2d 1267, 1271 (7th Cir. 1993). Notably, in each and every decision interpreting FACTA, courts have used the word "and" to explain what they believe the statute proscribes. In *Iosello v. Leibleys,* for example, the court stated: "[t]he plain meaning of the statute is that a merchant shall not print more than the last 5 digits of the credit card number upon any receipt ***and*** a merchant shall not print the expiration date upon any receipt." 502 F. Supp. 2d 782, 786 (N.D. Ill. 2007); *see also Pirian v. In-N-Out Burgers*, 2007 U.S Dist. LEXIS 25384, at *8 (C.D. Cal. Apr. 5, 2007) (stating that § 1681c(g) "expressly prohibits more than the last five digits of the credit/debit card numbers ***and*** also prohibits printing the card's expiration date") (emphasis added). These cases – decided without the benefit of the authorities discussed in this memorandum – blatantly rewrite the statute from the disjunctive to the conjunctive. At a minimum, however, these cases, coupled with the authorities described in detail below, establish that display of the expiration date on a receipt (provided that the card number was properly truncated) is not an objectively unreasonable interpretation of the statute. Because Plaintiff cannot set forth ***any*** plausible allegations of willful conduct by Rockler, her Complaint should be dismissed as a matter of law.

### A. It Is Not an Objectively Unreasonable Interpretation of FACTA to Permit the Printing of the Expiration Date if the Card Number Is Properly Truncated

#### 1. *Safeco* Establishes That a Defendant Does Not Willfully Violate FCRA If the Defendant's Actions Were Pursuant to an Objectively Reasonable Interpretation of the Relevant Statutory Provision.

In *Safeco*, the Supreme Court interpreted FCRA's willfulness provision and determined that a willful violation of FCRA does not occur as a matter of law if the defendant acted pursuant to an objectively reasonable interpretation of the statute. 127 S. Ct. at 2205–10. In *Safeco*, plaintiffs applied for initial auto insurance premiums from numerous insurance companies, including Safeco. *Id.* When reviewing plaintiffs' applications, Safeco relied on consumer credit reports to deny plaintiffs the best rates possible. *Id.* Upon denial of their applications, Safeco did not send plaintiffs "adverse action notices," which plaintiffs asserted was a willful violation of FCRA. *Id.* Specifically, at issue was whether Safeco *willfully* violated the provision of FCRA that "requires, among other things, that 'any person who takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report' must notify the affected consumer." *Id.* at 2206 (citing 15 U.S.C. § 1681m(a)). Integral to that determination was whether Safeco properly interpreted a separate FCRA provision, § 1681a(k)(1)(B)(i), relating to "initial" rates. *Id.* at 2210–11. In examining that second provision, the Supreme Court held that Safeco *incorrectly* interpreted the language and therefore violated FCRA. *Id.* at 2211–12.

After holding that Safeco's reading of the relevant statutory provision was incorrect, the Court went on to examine whether that violation was also "willful." The Court first determined that, under FCRA, "willfulness" is tantamount to "recklessness." *Id.* at 2209–10. The Court then delineated an *objective* two-prong test for courts to employ to determine if an alleged violation of FACTA was willful or reckless:

> A company subject to FCRA does not act in reckless disregard of [FCRA] unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Id.* at 2215. In other words, a court first must determine as a matter of law whether the defendant's reading of the statute was "objectively unreasonable" and, if so, then the court should examine whether the defendant, in fact, crossed the "line" from negligence (thereby

-5-

permitting the recovery of actual damages under FCRA) to recklessness (thereby permitting statutory damages under FCRA). *See* 15 U.S.C. §§ 1681n(a) & 1681o(a).

Notably for purposes of the instant Motion, the Supreme Court in *Safeco* affirmed summary judgment without delving into the second "prong" because it determined, as a matter of law, that Safeco's interpretation of the statute was objectively reasonable:

> ***Here, there is no need to pinpoint the negligence/reckless line, for Safeco's reading of the statute, albeit erroneous, was not objectively unreasonable. . . .*** While we disagree with Safeco's analysis [of the statutory language], we recognize that its reading has a foundation in the statutory text.
>
> \* \* \* \* \*
>
> ***Safeco's reading was not objectively unreasonable, and so falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability.***

*Id.* (emphasis added) (internal quotations omitted). Because the Court determined as matter of law that Safeco could not have willfully violated FCRA based on plaintiffs' allegations, the Court stated that further factual development was unnecessary. *Id.* at 2216; *see also Najarian v. Charlotte Russe, Inc.*, (7th Cir. 1994), No. CV-07-501-RGK (CTx) (C.D. Cal. Aug. 16, 2007 Order), at *3 (granting summary judgment on a similar FACTA claim because there was "no triable issue of fact as to the issue of willfulness").

As Plaintiff cannot plead a willful violation of FACTA by Rockler, the principles of *Safeco* and *Najarian* are equally applicable at the pleading stage. In this case, Plaintiff states that: "[o]n October 19, 2007, [she] received from Rockler [] at its establishment located at 15931 Harlem Avenue, Tinley Park, IL 60477, a computer generated cash register receipt which displayed [her] card and expiration date." (Cplt. ¶¶ 19 & 32.) Taking these allegations as true, Plaintiff's Complaint should be dismissed because she can plead no set of facts showing Rockler's interpretation of FACTA was objectively unreasonable. As noted above, the relevant statutory language of FACTA states:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number <u>***or***</u> the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g) (emphasis added). The word "or" is a "disjunctive connector used to indicate a choice between alternate things, states or courses." *Webster's Third New Int'l*

*Dictionary of the English Language* at 1667 (1976 unabridged); *see also Sanders v. Jackson*, 209 F. 3d 998, 1000 (7th Cir. 2000) (stating that courts "frequently look to dictionaries to determine the plain meaning of words"). It is not objectively unreasonable to conclude that the use of the word "or" denotes a choice between two alternative things: no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number ***or*** the expiration date.

Therefore, taking her allegations as true (namely, that Rockler printed the expiration date but not more than the last five digits of the card number), Plaintiff's Complaint should be dismissed as a matter of law because it is an objectively reasonable interpretation of FACTA to conclude that a defendant could comply with FACTA's requirements by truncating the card number but, at the same time, display the expiration date. As detailed below, that objectively reasonable interpretation of FACTA is supported by pending legislation aimed at clarifying FACTA (the Bill), express statements of FACTA's drafters, as well as considerable commentary surrounding FACTA's enactment.

    2. *Pending Federal Legislation, FACTA's Drafters, the Hundreds of Pending Class Actions, and the Substantial Press Surrounding FACTA's Enactments Support This Objectively Reasonable Interpretation of FACTA.*

        a. Congressional Efforts to Clarify FACTA: The Credit and Debit Card Receipt Clarification Act of 2007.

On October 30, 2007, Congressman Tim Mahoney introduced the Credit and Debit Card Receipt Clarification Act of 2007. H.R. 4008, 110th Congress (1st Sess. 2007). (Ex. C.) The bipartisan Bill[3] seeks to amend FCRA to "make technical corrections to the definition of willful non-compliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act." (*Id.* at 2.) The Bill

---

[3] Since its introduction, the Bill has received considerable bipartisan support. As of the date of this filing, twenty congressional representatives have signed on to support the clarification of FACTA: Rep. Jason Altmire (PA-4), Rep. Michele Bachmann (MN-6), Rep. Spencer Bachus (AL-6), Rep. John Barrow (GA-12), Rep. Melissa Bean (IL-8), Rep. Kathy Castor (FL-11), Rep. Steve Cohen (TN-9), Rep. Tom Feeney (FL-24). Rep. Virginia Foxx (NC-5), Rep. Scott Garrett (NJ-5), Rep. Baron Hill (IN-9), Rep. Paul Hodes (NH-2), Rep. Ron Klein (FL-22), Rep. Nick Lampson (TX-22), Rep. Daniel Lipinski (IL-3), Rep. Jim Matheson (UT-2), Rep. Mark Souder (IN-3), Rep. John Yarmuth (KY-3), Rep. Judy Biggert (IL-13), and Rep. Jim McCrery (LA-4).

states that FACTA was poorly drafted and that many businesses *reasonably interpreted* the statute to permit the printing of the expiration date:

> ***Many merchants understood that [FACTA] would be satisfied by truncating the account number down to the last 5 digits based in part on the language of the provision as well as the publicity in the aftermath of the passage of [FACTA].***
>
> Almost immediately after the deadline for compliance passed, hundreds of lawsuits were filed alleging that the failure to remove the expiration date was a willful violation of [FCRA] even where the account number was properly truncated. ***Experts in the field agree that proper truncation of the card number, by itself as required by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud.***

(*Id.* at 2:18–3:10) (emphasis added.)

The stated purpose of the Bill is to "ensure that consumers suffering from any actual harm to their credit or identity are protected while ***simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers***." (*Id.* at 3:17–22) (emphasis added.) In light of those objectives, the Bill would amend FCRA by adding a new subsection entitled "Clarification of Willful Noncompliance:"

> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of [§ 1681c(g)] for such receipts shall not be in willful noncompliance with [§ 1681c(g)] by reason of printing such expiration date on the receipt.

(*Id.* at 4:7–15) (emphasis added.) The Bill would have retroactive effect and would completely eviscerate the vast majority of frivolous FACTA claims (including this one) that allege only that the defendant displayed the expiration date.[4] (*See id.* at 4:16–22 (stating that the Bill "applies

---

[4]　　Rockler is aware of Judge Kendall's opinion in *Follman v. Village Squire, Inc.*, in which she stated that "[e]ven if [she] were to consider the Bill in reaching [her] decision, [the Bill] would only bolster [her] conclusion that printing an expiration date on any receipt provided to a customer cardholder constitutes a violation of § 1681c(g)" because the "Bill would *not* amend that section." No. 07 C 3767, slip op., at *7 n.3 (N.D. Ill. Dec. 18, 2007). The Court in that case was evidently not apprised of the fact that after enactment of the Bill, plaintiffs will have to allege and to prove actual damages (*i.e.*, identity

without regard to whether such action is brought before or after the date of the enactment of this Act")); *see also Mahoney Introduces Legislation To Protect Businesses From Frivolous Lawsuits,* October 30, 2007 ("Rep. Mahoney's legislation would amend FACTA to make it clear that if a company properly truncated a consumer's credit card number but did not remove the expiration date, such action is not a willful violation of FACTA. The technical correction would preserve consumers' existing right to sue for negligence in the event someone experiences actual harm or account fraud.") (Ex. D); National Small Business Association, *Credit and Debit Card Receipts Could Lead to Court*, Nov. 14, 2007 ("Unfortunately, the Bill was written in such a vague way that many businesses thought they were in compliance by printing only the last five digits of the card number and the expiration date . . . . Legislation has recently been introduced in the House that would clarify the situation.") (Ex. E.)

Lest there be any doubt, one of the principal drafters of FACTA recently stated that the statute's proscriptions are not clear and that the recent epidemic of lawsuits over the display of the expiration date is directly contrary to the intent of the legislation. Specifically, on January 23, 2008, Congressman Spencer Bachus, the ranking member of the House Committee on Financial Services, wrote to Congressman Barney Frank, Chairman of the House Committee on Financial Services, urging the Bill's expeditious enactment:

> As you may be aware, an unfortunate spate of federal class action lawsuits is currently pending throughout the country in which hundreds of companies, both large and small, face claims alleging willful violations of provisions in FACTA requiring the truncation of certain information on the receipts of debit and credit card transactions. ***Even though these companies believed they were complying with the law by truncating account numbers on receipts, the suits allege that by failing to remove the expiration dates as well, these companies willfully violated the statute.***
>
> ***As one of the principal authors of FACTA, I assure you that this was not the intent of the drafters of the legislation.***
>
> ***Businesses that have made good faith efforts to comply with FACTA based on a reasonable interpretation of their statutory obligations should not be subject to statutory damages intended for willful violations.***

---

theft or credit card fraud) to recover under FACTA for display of an expiration date. (*See* Ex. C at 4:7-15.)

-9-

(Ex. F) (emphasis added.)   Thus, the Bill and one of FACTA's primary drafters adamantly support the conclusion that the allegations levied against Rockler do not state a claim for a willful violation of FACTA as a matter of law.

>  b. Commentary Regarding FACTA Supports the Conclusion That It is Susceptible to Several Reasonable Interpretations.

Nearly every FACTA commentator has stated that § 1681c(g) contains a grammatical error that renders the language of the statute vague and ambiguous:

> For reasons not in the record of any of the cases, ***much of the retail industry interpreted FACTA to permit the printing of the credit card and debit card receipts that included up to five digits of the credit card number and the expiration date.***  Plaintiffs argue that printing the expiration date alone violates the ambiguous statute.  ***Absolutely no identity theft can possibly take place from an expiration date, and no one claims otherwise.  But with no dispositive court or regulatory ruling on the meaning of "or," and millions of potential violations occurring every day in the first few weeks after FACTA took effect, the entrepreneurial trial bar sensed an opportunity.***  The Chicago law firm of Edelman, Combs, Latturner & Goodwin, LLC has been advertising for clients to bring class actions [and] the Los Angeles firm Spiro Moss Barness LLP has filed more than forty lawsuits.

(Ted Frank, *A Billion Dollar "Harm-Less" Lawsuit*," American Enterprise Institute for Public Policy Research, October 31, 2007, at 1 (emphasis added) (Ex. G); *see also NACS Supports Bill to Protect Retailers on Credit Card Receipts*, May 12, 2007 (stating that "many retailers thought that truncating the account number down to the last 5 digits would be sufficient to comply with the law") (Ex. H.)

Moreover, several publications from the federal government regarding FACTA were notably silent with respect to the putative requirement to remove the expiration date:

- A Fact Sheet from President George W. Bush stating that FACTA will accomplish several key priorities by "[h]elping prevent identity theft before it occurs by requiring merchants to leave all but the last five digits of a credit card number off store receipts." (Ex. I.)  Notably, the President's report did not mention anything about expiration dates.
- At a June 15, 2004 hearing on identity theft before the Sub-Committee on Social Security of the House Committee on Ways and Means, Director of the Federal Trade Commission's Bureau of Consumer Protection, Howard Beales, III, testified that

-10-

- "FACTA seeks to reduce [the source] of fraud by requiring merchants to truncate the full card number on electronic receipts." (Ex. J at 7.) The FTC Director did not provide any indication that the expiration dates must also be removed.

- An FTC news release stated that: "[a] provision of [FACTA] will require that account numbers on credit card receipts be shortened or 'truncated' so that merchants, employees, or others who may have access to the receipts do not have access to consumers' names and full credit card numbers." (*See* Ex. K.) Again, this alert was silent as to any requirement that expiration dates must also be removed.

These pronouncements further support the conclusion that Rockler's conduct (as alleged in the Complaint) was *not* objectively unreasonable.

                    c.        The Nationwide Epidemic of Putative Class Action Lawsuits Further Supports the Notion That FACTA Is Not Clear.

Since the December 4, 2006 effective date for FACTA, 82 putative class action complaints have been filed in this District alone, (Ex. L), and there are in excess of 250 cases currently pending throughout the country. Notably, the *vast* majority of these lawsuits allege willful violations based on allegations that the defendant did not properly mask the expiration date. The sheer number of FACTA class actions clogging the federal judiciary further supports the notion that these merchants reasonably interpreted FACTA to permit the display of the expiration date if the card number was properly truncated. Specifically, each and every FACTA complaint fails to explain how its claim is even remotely plausible as it defies logic to suggest that any defendant (including Rockler) deliberately decided to incur potential liability of between $100 to $1,000 per receipt by allegedly printing the months and years in which its customers' credit cards expire. In fact, Plaintiff herself alleges that this problem could have been rectified at *de minimis* cost, (Cplt. ¶ 75), and does not allege that Rockler benefited in any way from allegedly allowing this information to be printed.

Moreover, because almost no plaintiff alleges that he or she suffered *any* actual harm, it is clear that opportunistic plaintiffs are seeking to take advantage of a poorly worded statute to their own (and their lawyers') advantage. The concern that provisions of FCRA (like FACTA) would be utilized to generate exorbitant legal fees in the notable absence of any harm was the impetus for Judge Shadur's recent observations in *Blahnik v. U.S. Bank National Association*:

> Congress' understandable (and entirely appropriate) concern for the rights of consumers and other members of the general

-11-

> public . . . has led to the adoption of a substantial amount of protective legislation, a prime example of which is the Fair Credit Reporting Act. ***But regrettably the salutory purposes of such legislation have sometimes been diluted by the cottage industry that has consequently developed within the legal profession, some of whose members seem to exhibit more solicitude for the generation of legal fees than for the greater good of their clients – a situation that may call for special scrutiny in the area of the putative class action.***

No. 08-4344, slip op., at *1 (N.D. Ill. Dec. 20, 2007); *see also* Ex. H, *NACS Supports Bill to Protect Retailers on Credit Card Receipts*, May 12, 2007 ("Despite repeatedly being denied class certification, the continuing tide of lawsuits represents a significant burden on the hundreds of retailers that have been sued without any corresponding consumer protection benefit."). Judge Shadur's concern about a cottage legal industry seemingly more concerned about the generation of legal fees is particularly prescient in FACTA cases. (*See Turn Those Credit Slips Into Gold*, Overlawyered.com, May 10, 2007 (describing advertisements by the Edelman, Combs law firm for FACTA plaintiffs) (Ex. M); Ex. G, Ted Frank (stating that if the name Edelman, Combs "sounds familiar, it is because it is the successor to the similarly named one that negotiated the infamous *Hoffman v. BancBoston* class action settlement where class members lost money to pay attorneys' fees").) The nationwide epidemic of FACTA cases further supports the conclusion that Rockler's conduct (as alleged by Plaintiff) was not an objectively unreasonable interpretation of FACTA.

      **B.**    **Plaintiff Has Not Alleged That Rockler Knew The Printing of the Expiration Date Held Any Risk of Potential Harm.**

Although, based on the foregoing, this Court need not address the second prong of the *Safeco* test, it is equally clear that Plaintiff has not alleged sufficient facts to establish a plausible claim on its face that Rockler acted in a manner "entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco,* 127 S. Ct. at 2215; *Bell Atlantic Corp.*, 127 S. Ct. at 1974. At most, Plaintiff alleges that Rockler "knew or should have known of the truncation requirement" because "[t]he requirement was widely publicized among retailers." (Cplt. ¶¶ 33 & 36.) Pursuant to *Safeco*, however, a violation of FACTA cannot be willful simply because a defendant knew of the application of the act. *See Safeco*, 127 S. Ct. at 2215 (rejecting argument that defendant willfully violated act even though defendant knew of act); *TransWorld Airlines, Inc. v. Thurston,* 469 U.S. 111, 127 (1985) ("We are unpersuaded by Respondent's

argument that a violation of the Act is 'willful' if the employer simply knew of the potential applicability of the ADEA"). Simply put, Plaintiff's allegations do not give rise to a plausible claim that Rockler willfully violated FACTA. *Bell Atlantic Corp.*, 127 S. Ct. at 1974.

Finally, other federal courts have recognized that it is virtually impossible for the inclusion of the expiration date on a credit card or debit card receipt to result in identity theft or any other actual harm. *See, e.g., Soualian v. Int'l Coffee & Tea LLC*, No. 07-502-RGK, __ F. Supp. 2d __ (C.D. Cal. June 11, 2007) ("it appears virtually impossible for the inclusion of the expiration date on a credit card or debit card receipt to result in identity theft or any other actual harm."); *Spikings v. Cost Plus, Inc.*, No. 06-8125-JFW, ___ F. Supp. 2d ___ (C.D. Cal. May 25, 2007) ("it appears unlikely, if not impossible, for the inclusion of the expiration date on a credit card or debit card receipt to result in identity theft or any other actual harm."). Accordingly, Plaintiff has not alleged (and cannot do so) that Rockler willfully violated FACTA and therefore the Complaint should be dismissed with prejudice. *See, e.g., Wojtczak v. Chase Bank USA, N.A.*, No. 06-C-987, 2007 WL 4232995, at *4 (E.D. Wis. Nov. 27, 2007) (dismissing FCRA complaint and stating that even if bank-defendant's reading of FCRA was wrong, the complaint should still be dismissed because its reading of the statute was not unreasonable).

### III. IN THE EVENT THAT THIS COURT IS NOT INCLINED TO DISMISS PLAINTIFF'S COMPLAINT, THE CASE SHOULD BE STAYED PENDING RESOLUTION OF THE BILL.

In the event that this Court is not inclined to dismiss the Complaint, Rockler respectfully requests that this Court exercise its inherent powers to stay the proceedings pending resolution of the Bill. *See, e.g., Landis v. North American Corp.*, 299 U.S. 248, 254 (1936) (stating that the power to grant a stay is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy and effort for itself, for counsel, and litigants"); *Cheyney State College Faculty v. Hufstedler*, 703 F. 2d 732, 733-4 (3d Cir. 1983) (affirming issuance of a stay pending disposition of administrative proceedings); *Action Wholesale Liquors v. Okla. Alcoholic Beverage Law Enforcement Comm'n*, 463 F. Supp. 2d 1294, 1306 (W.D. Okla. 2006) (deciding to stay judgment regarding certain constitutional and statutory provisions because the state's legislative process offered more flexibility for resolving issue).

As detailed above, enactment of the Bill will have a profound impact on the current epidemic of FACTA lawsuits, the vast majority of which solely allege that the defendant violated the statute by displaying the expiration date. The bipartisan Bill (currently before the House

Subcommittee on Financial Institutions and Consumer Credit) will have retroactive effect and require putative plaintiffs attempting to sue for display of an expiration date to allege (and ultimately to prove) actual harm to be entitled to any recovery. (Ex. C, Bill at 4:7–22.) Issuance of a stay pending disposition of the Bill is a reasonable and prudent exercise of this Court's power to control its docket and to effect justice.  The opportunistic lawsuits occasioned by legislative missteps are best remedied by Congress, for they know better than anyone what they meant. (*See, e.g.*, Ex. F, Congressman Bachus' January 23, 2008 Letter (stating that "[a]s one of the principal authors of FACTA, I assure you that this was not the intent of the drafters of the legislation").)

Moreover, a consideration of the hardships clearly favors issuance of a stay.  Despite the fact that experts in the industry agree that the display of an expiration date alongside a properly truncated number is of no consequence, defendants – such as Rockler – are placed in the unenviable situation of either capitulating to a coercive settlement or expending tremendous amounts of time, energy, and resources defending themselves against the specter of annihilating damages (all in the absence of even an allegation of actual harm).  The imposition of such excessive statutory damages without actual harm is contrary to recognized legal principles of due process and tort law.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 412 (2003) (stating that "to the extent an award is grossly excessive, it furthers no legitimate purpose and constitutes an arbitrary deprivation of property"); *BMW v. Gore*, 517 U.S. 559, 587 (1996) ("This constitutional concern . . . arises out of the basic unfairness of depriving citizens of life, liberty or property, through the application, not of law and legal process, but of arbitrary coercion.").  Rockler respectfully submits that consideration of these principles is not premature at this stage of the proceedings because it should not be coerced into settlement due to the prospect of potentially annihilating damages.  *See, e.g.*, *Bell Atlantic Corp.*, 127 S. Ct. at 1967 (observing that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings").

Notably, none of the harm foisted upon Rockler can be undone at a later date, even if the Bill is enacted.  As demonstrated above, Plaintiff cannot obtain any damages because she will not be able to evidence willfulness sufficient to prevail in this matter; in the meantime, however, Rockler is forced to expend significant resources defending itself or capitulate to a coercive settlement.  Conversely, Plaintiff will not suffer any harm pending congressional clarification of

FACTA. By her Complaint, Plaintiff attempts to recover potentially millions of dollars in statutory damages notwithstanding the fact that she has not alleged any actual harm. (Cplt. ¶ 4.) Because Plaintiff has not alleged any actual damages, she cannot say that she will be prejudiced by a stay other than Congress may (via the Bill) take away her (and her counsel's) proverbial "lottery ticket." Nevertheless, in an attempt to ameliorate any conceivable harm that could potentially befall Plaintiff as a result of a stay, Rockler respectfully suggests that the parties convene in 90 days to apprise this Court of any developments regarding the Bill.[5]

## CONCLUSION

For the foregoing reasons Defendant, Rockler Retail Group, Inc. respectfully requests that this Court dismiss Plaintiff's putative Class Action Complaint with prejudice or, alternatively, stay the proceedings pending resolution of the Bill.

Dated: February 4, 2008

Respectfully submitted,

**ROCKLER RETAIL GROUP, INC.**

/s/ David S. Almeida
One of Its Attorneys

Gordon B. Nash, Jr.
David S. Almeida
Steven D. Hamilton
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1000 (telephone)
(312) 569-3000 (facsimile)

*Attorneys for Rockler Retail Group, Inc.*

---

[5] Should there be any significant developments in the interim, counsel for Rockler will, of course, apprise this Court and Plaintiff's counsel immediately.

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 4, 2008, the foregoing **Memorandum of Law in Support of Rockler Retail Group, Inc.'s Motion to Dismiss or, in the Alternative, to Stay Proceedings** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. I further certify that I caused a copy of the foregoing to be sent via hand delivery to:

<div align="center">
Daniel Edelman<br>
Cathleen Combs<br>
James Latturner<br>
Cassandra Miller<br>
Edelman, Combs, Latturner & Goodwin, LLC<br>
120 South LaSalle Street, 18th Floor<br>
Chicago, IL  60603
</div>

    /s/ David S. Almeida