# EXHIBIT C

I

| 110TH CONGRESS 1ST SESSION | **H. R. 4008** |

To amend the Fair Credit Reporting Act to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act.

---

## IN THE HOUSE OF REPRESENTATIVES

OCTOBER 30, 2007

Mr. MAHONEY of Florida (for himself, Mr. LAMPSON, Mr. HODES, Mr. HILL, Ms. BEAN, Mr. MATHESON, Mr. BARROW, Mr. BACHUS, Mr. KLEIN of Florida, and Mrs. BACHMANN) introduced the following bill; which was referred to the Committee on Financial Services, and in addition to the Committee on the Judiciary, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned

---

# A BILL

To amend the Fair Credit Reporting Act to make technical corrections to the definition of willful noncompliance with respect to violations involving the printing of an expiration date on certain credit and debit card receipts before the date of the enactment of this Act.

1  *Be it enacted by the Senate and House of Representa-*
2  *tives of the United States of America in Congress assembled,*
3  **SECTION 1. SHORT TITLE.**
4  This Act may be cited as the "Credit and Debit Card
5  Receipt Clarification Act of 2007".

2

1 SEC. 2. FINDINGS; PURPOSE.

2     (a) FINDINGS.—The Congress finds as follows:

3         (1) The Fair and Accurate Credit Transactions Act (commonly referred to as "FACTA") was enacted into law in 2003 and 1 of the purposes of such Act is to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud.

10         (2) As part of that law, the Congress enacted a requirement, through an amendment to the Fair Credit Reporting Act, that no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the card holder at the point of the sale or transaction.

18         (3) Many merchants understood that this requirement would be satisfied by truncating the account number down to the last 5 digits based in part on the language of the provision as well as the publicity in the aftermath of the passage of the law.

23         (4) Almost immediately after the deadline for compliance passed, hundreds of lawsuits were filed alleging that the failure to remove the expiration date was a willful violation of the Fair Credit Re-

1 porting Act even where the account number was
2 properly truncated.
3      (5) None of these lawsuits contained an allega-
4 tion of harm to any consumer's identity.
5      (6) Experts in the field agree that proper trun-
6 cation of the card number, by itself as required by
7 the amendment made by the Fair and Accurate
8 Credit Transactions Act, regardless of the inclusion
9 of the expiration date, prevents a potential fraudster
10 from perpetrating identity theft or credit card fraud.
11      (7) Despite repeatedly being denied class cer-
12 tification, the continued appealing and filing of these
13 lawsuits represents a significant burden on the hun-
14 dreds of companies that have been sued and could
15 well raise prices to consumers without corresponding
16 consumer protection benefit.
17      (b) PURPOSE.—The purpose of this Act is to ensure
18 that consumers suffering from any actual harm to their
19 credit or identity are protected while simultaneously lim-
20 iting abusive lawsuits that do not protect consumers but
21 only result in increased cost to business and potentially
22 increased prices to consumers.

4

## SEC. 3. CLARIFICATION OF WILLFUL NONCOMPLIANCE FOR ACTIONS BEFORE THE DATE OF THE ENACTMENT OF THIS ACT.

(a) IN GENERAL.—Section 616 of the Fair Credit Reporting Act (15 U.S.C. 1681n) is amended by adding at the end the following new subsection:

"(d) CLARIFICATION OF WILLFUL NONCOMPLIANCE.—For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.".

(b) SCOPE OF APPLICATION.—The amendment made by subsection (a) shall apply to any action, other than an action which has become final, that is brought for a violation of 605(g) of the Fair Credit Reporting Act to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act.

○