| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Steve Howard, §
§
    Plaintiff, §
§
versus §    Civil Action H-07-3399
§
Hooters of Houston, et al., §
§
    Defendants. §

## Opinion on Denial of Class and Dismissal

1. *Class Certification.*

   Steve Howard complains that Hooters printed a receipt that included the expiration date of his credit card. While he says this exposed him – and many others – to an increased risk of credit fraud, he only knows that the Fair and Accurate Transaction Act prohibits receipts' having expiration dates of a consumer's credit card. *See* 15 U.S.C. § 1681c(g).

   Howard was not injured as a consequence of the data shown on his receipt from Hooters – no fraud, no sleepless nights, nothing.

   He sues for himself and everyone else who has been similarly not victimized. His facts consist entirely of this single, individual error. Howard insists that many other customers were similarly exposed. If so, they too were simply not injured. Further, Hooters has already changes its procedures and is no longer printing expiration dates on its receipts. In essence, Howard wants this court to certify a class that has suffered no injury from a statutory violation that is no longer occurring. No class will be certified.

2. *Dismissal.*

   If the entity willfully violates the law, the injured consumer may recover his damages; in addition, he may recover arbitrary damages. Arbitrariness is the antithesis of liberty. This is not an instance of the legislative branch reaching an efficient approximation. The only way the non-rational allowance of damages could be a regular process of law is if the award were made when the suit accomplished a genuine benefit to consumers at Hooters.

Naturally, Howard says that Hooters willfully printed the receipt contrary to the law. Other than his solitary experience, he has no knowledge to suggest that Hooters – with malice aforethought or other mental state beyond tiredness from earning a living – did anything to any receipt.

To have willfully violated the statute, Hooters must have knowingly or recklessly disregarded it, purposefully exposing its customers to potential identity theft. *See Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2007 U.S. Lexis 6963, *20-25 (June 4, 2007). Hooters could not have knowingly disregarded the law without knowingly disregarding the statutory damages contained therein. Howard has no explanation – much less a factual basis – supporting why Hooters would knowingly expose itself and its customers to injury. He also has no explanation why Hooters would truncate the credit card number – the most important information – but willfully leave the expiration date.

Howard is obliged to furnish facts supporting his claim – mere assertions and a formulaic recitation of the statute are insufficient. *See Bell Atlanctic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (May 21, 2007). If Howard were given the opportunity to look at Hooters' records and depose its people, he might find something to support a claim that an officer of Hooters contemplated his company's responsibilities under the law and decided not to comply. Similarly, if he were allowed to audit the records of any substantial business, it is at least modestly likely that he would discover some transgression by someone of something. He is not the Inquisitor General. He is not even the Consumer General. Being unable to support his lawsuit with the plausible assertion of facts he could know, he loses.

3. Conclusion.

Steve Howard does not represent a class of victims. He has no injury of his own, and he has no idea of anything in Hooters' practices to suggest that it was willful in the legal sense. If he had written Hooters to remind it of the illegality of the data on the receipt, the problem would have been solved. He will take nothing from Hooters.

Signed on April 5, 2008, at Houston, Texas.

Lynn N. Hughes
United States District Judge