Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6385 | **DATE** | 5/27/2008 |
| **CASE TITLE** | Julie Rhodes vs. Rockler Retail Group, Inc., et al. | | |

### DOCKET ENTRY TEXT

For the reasons set forth in the Statement section below, Rockler Retail Group, Inc.'s Motion to Dismiss or, in the Alternative, to Stay Proceedings [24] is denied. The court directs Rockler Retail Group, Inc. to answer the complaint no later than June 17, 2008. Case set for status on July 1, 2008, at 9:00 a.m.

■[ For further details see text below.]                                                    Notices mailed.

### STATEMENT

Plaintiff Julie Rhodes filed this action on behalf of herself and a putative class against Defendant Rockler Retail Group, Inc., doing business as Rockler Woodworking and Hardware and "Does 1-10," after she received a computer-generated cash register receipt from Rockler Woodworking that displayed her credit card expiration date. According to Rhodes, inclusion of the expiration date violates the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act. FACTA provides, as relevant to this litigation:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g). Rockler moves to dismiss plaintiff's complaint for lack of standing and for failure to state a claim. Alternatively, Rockler requests that the court stay this action pending Congressional approval of a bill that would, if passed, resolve the action in its favor. The court will address each of Rockler's arguments in turn.

Rockler first argues that Rhodes lacks standing to bring this action because the receipt giving rise to her complaint bears the name Jeff Rhodes, not Julie Rhodes. Thus, according to Rockler, plaintiff has failed to establish that she has suffered an injury in fact as a result of Rockler's conduct.

The party seeking to invoke federal jurisdiction has the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999). To establish standing the party must show: (1) she has suffered an actual, particularized injury in fact; (2) the injury is fairly traceable to defendant's conduct; and (3) it is likely that the injury will be

redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61; *Perry*, 186 F.3d at 829. In considering a motion to dismiss for lack of standing the court must accept as true all well-pleaded allegations of the complaint. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Perry*, 186 F.3d at 829. When a party challenges standing as a factual matter, however, the party invoking federal jurisdiction must demonstrate by a preponderance of the evidence that standing exists. *Perry*, 186 F.3d at 829.

This court is satisfied that Rhodes has standing to bring a FACTA claim against Rockler. Section 1681c(g) creates a private right of action for credit card holders who receive a point-of-sale receipt that fails to omit certain of their credit card information from the receipt. *See* 15 U.S.C. § 1681c(g); *see also Follman v. Vill. Squire, Inc.*, ___ F. Supp. 2d ___, 2007 WL 4522614, at *2 (N.D. Ill. Dec. 18, 2007); *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 3d 1161, 1166-67 (D. Kan. 2008); *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 759 (E.D. Pa. 2007). In response to Rockler's motion to dismiss, Rhodes explained in a signed and sworn declaration that, even though the receipt giving rise to her complaint displays the name "Jeff Rhodes," the credit card used for the purchase (and hence the truncated card number and expiration date) was in fact owned by her. Rhodes further explained that she personally made the purchase identified in the receipt; her name and her name alone appears on the credit card used for the purchase; and the account belongs to her, individually. As for the name appearing on the receipt, Rhodes explained that Jeff Rhodes is her husband, Jeff was with her at the time of the purchase, Jeff has a "customer account" with Rockler, and Jeff's name appears on the receipt only because he is a frequent customer of Rockler's and "was with me when I made the purchase." Rhodes's explanations are not only plausible but highly probable.

Rockler next argues that plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Rhodes has not pleaded a willful violation of section 1681c(g) as a matter of law. To prevail on a motion to dismiss, a plaintiff must allege sufficient facts in her complaint "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). A defendant's conduct is willful for purposes of the Fair Credit Reporting Act if the conduct is known to violate the Act or is undertaken in reckless disregard of a duty created by the Act. 15 U.S.C. § 1681n(a); *Safeco Ins. Co. v. Burr*, ___ U.S. ___, 127 S. Ct. 2201, 2208-10 (2007).

Rhodes's complaint sets forth sufficient facts to state a claim that Rockler knowingly and willfully violated section 1681c(g) of FACTA. In her complaint Rhodes alleges that Rockler had three years to comply with section 1681c(g) after FACTA was enacted; VISA and other major credit card providers informed Rockler of FACTA's requirements; FACTA's requirements were widely publicized among retailers; most of Rockler's business peers and competitors brought their receipts into compliance with FACTA; and Rockler nevertheless failed to comply with FACTA. Several judges in this district have found allegations similar to Rhodes's sufficient to state a claim of willful violation of section 1681c(g). *See Troy v. Home Run Inn, Inc.*, No. 07 C 4331, 2008 WL 1766526 at *2 (N.D. Ill. Apr. 14, 2008) (unpublished opinion); *Vill. Squire*, ___ F. Supp. 2d ___, 2007 WL 4522614, at *3; *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960, 962-63 (N.D. Ill. 2007); *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 784-85 (N.D. Ill. 2007). Even so, Rockler asserts that its failure to omit the expiration date from Rhodes's receipt did not violate FACTA because the failure was based on Rockler's objectively reasonable interpretation of section 1681c(g) and that "the relevant inquiry for purposes of this motion to dismiss is whether plaintiff has set forth allegations that Rockler's actions are ***not*** consistent with an objectively reasonable interpretation of FACTA." (Defs.' Mot. Dismiss ¶ 2.) Rockler is incorrect. Rockler's assertion that its conduct was based on an objectively reasonable interpretation of section 1681c(g) is a defense to plaintiff's allegations, s*ee Safeco*, 127 S. Ct. at 2215-16 (explaining that defendant may avoid liability for violating Fair Credit Reporting Act by showing that its conduct was based on objectively reasonable interpretation of statute), that Rhodes was

not required to refute at this stage of the litigation. This court therefore finds that Rhodes has stated a claim of willfulness that is plausible on its face.

Finally, Rockler requests that this court stay the proceedings pending enactment of The Credit and Debit Card Receipt Clarification Act of 2007 (the "Bill"). According to Rockler, the Bill would clarify the drafters of FACTA's intent that inclusion of the expiration date on a receipt on which the credit card number has been properly truncated does not constitute a willful violation of section 1681c(g). The Bill as drafted provides in pertinent part:

> [f]or the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section [1681c(g)] for such receipts shall not be in willful noncompliance with section [1681c(g)] by reason of printing such expiration date on the receipt.

H.R. 4008 at 4:7-15. The Bill would also have retroactive effect. Rockler says that the Bill as drafted "would completely eviscerate Plaintiff's claim against Rockler," and so a stay pending resolution of the Bill would be a reasonable and prudent exercise of the court's inherent discretion to control its docket. (Dfs.' Mot. Dismiss ¶ 3, 4.)

The court declines Rockler's request to stay the proceedings. In *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953-54 (7th Cir. 2006), the Seventh Circuit admonished that district courts may not use procedural devices to undermine laws and that "[w]hile a statute remains on the books . . . it must be enforced rather than subverted." The Bill referenced throughout Rockler's briefing is *proposed* legislation. Although the Bill was passed by the United States House of Representatives on May 14, 2008, it currently awaits passage by the United States Senate. Thus, the exact provisions of any bill enacted by Congress addressing section 1681c(g) remains uncertain and speculative. Section 1681c(g) therefore must be enforced as it appears today. Should Congress enact the Bill or similar legislation during the pendency of this lawsuit, the court will entertain briefing at that time on the application of the legislation to the facts of this case.

For the foregoing reasons, Rockler's Motion to Dismiss or, in the Alternative, to Stay Proceedings [24] is denied.

| | |
|---|---|
| Courtroom Deputy | |